**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN ROMICH, by and through his parents and legal guardians, EILEEN ROMICH and CHRIS ROMICH, | |
| PLAINTIFFS | |
| V. | |
| FIRELY PEDIATRIC SERVICES, INC., D/B/A THE FIRELY FOUNDATION; MARTY FIRELY; HOLLY FIRELY; TAMMY LEWIS; THE PENN FOUNDATION; MONTGOMERY COUNTY OFFICE OF DEVELOPMENTAL PROGRAMS; PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES OFFICE OF DEVELOPMENTAL PROGRAMS; SUSAN SALTMAN; MELISSA BABEL; JOANNA MUTH; NANCY THALER; and ROCHELLE ZASLOW, | 18-CV-5494-MSG<br><br>JURY TRIAL DEMANDED |
| DEFENDANTS | |

## ANSWER TO PLAINTIFFS' COMPLAINT
## WITH AFFIRMATIVE DEFENSES

Defendants, Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a/ The Firely Foundation), John Firely (improperly pled as Marty Firely), Holly Firely, Tammy Lewis, and Susan Saltman ("Answering Defendants"), through their counsel Rebar Bernstiel, hereby respond to Plaintiffs' Complaint as follows:

1.      Denied. The allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

2.      Denied. The allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

3.      Denied. The allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

## PARTIES

4.      Admitted upon information and belief.

5.      Admitted in part; denied in part. It is admitted that Eileen and Chris Romich are the parents of Jonathan Romich. Any remaining allegations are denied as conclusions of law to which no response is required.

6.      Admitted in part; denied in part. It is admitted that Firely Pediatric Services, Inc. provided services to Jonathan Romich from August 15, 2015 through June 2017. It is specifically denied that Firely Pediatric Services, Inc. has ever done business under the name "The Firely Foundation." To the contrary, the Firely Foundation is a completely separate entity that operates as a charity and has no connection with the facts and events alleged herein. It is further denied that Firely Pediatric Services, Inc. is a non-profit, tax-exempt entity.  Rather, Firely Pediatric Services, Inc. is a for-profit corporation. Any remaining allegations are denied as conclusions of law.

7.      Admitted in part; denied in part. It is only admitted that John Firely (improperly pled as Marty Firely) is an owner of Firely Pediatric Services. It is further admitted that Mr. Firely resides within the geographic jurisdiction of the Eastern District of Pennsylvania. All remaining allegations are denied as conclusions of law. By way of further response, it is strictly denied that Mr. Firely discriminated against Plaintiffs in any manner whatsoever.

8.      Admitted in part; denied in part. It is only admitted that Holly Firely is an owner of Firely Pediatric Services, Inc. It is further admitted that Ms. Firely resides within the geographic

jurisdiction of the Eastern District of Pennsylvania. All remaining allegations are denied as conclusions of law. By way of further response, it is strictly denied that Ms. Firely discriminated against Plaintiffs in any manner whatsoever.

9.    Admitted in part; denied in part. It is admitted that Tammy Lewis was a former employee of Firely Pediatric Services, Inc. All remaining allegations are denied as conclusions of law. By way of further response, it is strictly denied that Ms. Lewis discriminated against Plaintiffs in any manner whatsoever.

10.    Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

11.    Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

12.    Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

13.    Admitted in part; denied in part. It is admitted that Susan Saltman is an employee of Firely Pediatric Services, Inc. All remaining allegations are denied as conclusions of law. By way of further response, it is strictly denied that Ms. Saltman discriminated against Plaintiffs in any manner whatsoever.

14.    Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

15.    Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

16.    Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

17.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

## FACTS

18.     Admitted upon information and belief.

19.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

20.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

21.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

22.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

**A.     Jonathan's Care Requirements**

23.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

24.     Denied.

25.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

4

26.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

27.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

28.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

29.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

30.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

31.     Admitted in part; denied in part. It is admitted that Firely Pediatric Services, Inc. provided Jonathan with services before 2015. Any remaining are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

32.     Denied. It is specifically denied that Firely Pediatric Services, Inc. and/or its employees harassed or discriminated against Plaintiffs in any matter. All remaining allegations are denied.

**B.     Firely's Initial Work with Jonathan**

33.     Denied.

34.     Admitted upon information and belief.

35.     Denied.

5

36.     Denied.

37.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

38.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

39.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

40.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

41.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

**C.      2016 Retaliation Claims**

42.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

43.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

44.     Denied as characterized.

45.     Denied as characterized.

46.     Denied.

47.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

48.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

49.     Admitted in part; denied in part. It is only admitted that a barrier was used in Jonathan Romich's transportation van. Any remaining allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

50.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

51.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

52.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

53.     Denied. Answering Defendants deny the allegations in this paragraph concerning Firely Pediatric Services, Inc. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information regarding Defendant Muth and therefore deny same.

54.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

55.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

56.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

57.     Denied.

58.     The alleged citation is a document which speaks for itself. Any remaining allegations are denied.

59.     The alleged citation is a document which speaks for itself. Any remaining allegations are denied.

60.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

61.     Admitted in part; denied in part. It is admitted that Firely Pediatric Services, Inc. submitted an official notice that they were unable to continue providing services to Jonathan Romich. The remaining allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

62.     Denied.

63.     Denied.

64.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

8

65.     Denied.

66.     Denied as characterized.

67.     The allegations concerning Firely Pediatric Services, Inc.'s care of Jonathan Romich are denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information regarding Defendants Thaler, Muth, Zaslow, and Babel, and therefore deny same.

68.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

69.     Denied. The alleged violations should be contained in a written document which speaks for itself.  Any remaining allegations are denied.

70.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

71.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

72.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

73.     Denied.

74.     Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

**D.      Allegations of Lack of Care and Retaliation in Spring 2017**

75.      Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

76.      Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

77.      Denied as characterized.

78.      Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

79.      Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph and therefore deny same.

80.      Denied as characterized.

81.      Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

82.      Denied.

83.      Denied.

84.      Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

85.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

86.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

87.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

## CLAIMS

### COUNT I – DISCRIMINATION PURSUANT TO TITLE III OF THE ADA
### Plaintiffs v. Firely Pediatric Services, Inc. and the Penn Foundation

88.     Answering Defendants' responses in the preceding Paragraphs 1-87 of this Answer are incorporated herein by reference as though fully set forth herein at length.

89.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

90.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

91.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

WHEREFORE, Defendants, Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a/ The Firely Foundation), John Firely (improperly pled as Marty Firely), Holly Firely, Tammy Lewis, and Susan Saltman hereby request judgment in their favor

and against Plaintiffs, including costs, interest, and other such relief as this Court may deem just and appropriate.

### COUNT II – DISCRIMINATION PURSUANT TO TITLE II OF THE ADA
**Plaintiffs v. Montgomery County Office of Developmental Programs, Pennsylvania Department of Human Services Office of Developmental Programs, Joanna Muth, Nancy Thaler, and Rochelle Zaslow**

92.    Answering Defendants' responses in the preceding Paragraphs 1-91 of this Answer are incorporated herein by reference as though fully set forth herein at length.

93.    The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

94.     The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

95.    The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

96.    The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required, the allegations in this paragraph are denied as conclusions of law.

97.    The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

98.     The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required, the allegations in this paragraph are denied as conclusions of law.

99.     The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

100.    The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

101.    The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

102.    The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

103.    The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

104.    The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

105.    The allegations in this paragraph are directed at parties other than Answering Defendants and no response is required from same. To the extent a response is required,  the allegations in this paragraph are denied as conclusions of law.

WHEREFORE, Defendants, Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a/ The Firely Foundation), John Firely (improperly pled as Marty Firely), Holly Firely, Tammy Lewis, and Susan Saltman hereby request judgment in their favor and against Plaintiffs, including costs, interest, and other such relief as this Court may deem just and appropriate.

### COUNT III – DISCRIMINATION PURSUANT TO 29 U.S.C.S. § 794
### Plaintiffs v. All Defendants

106.    Answering Defendants' responses in the preceding Paragraphs 1-105 of this Answer are incorporated herein by reference as though fully set forth herein at length.

107.    Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

108.    Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

109.    Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

110.    Denied. It is denied that Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a The Fire Foundation) is a 501(c)(3) organization. It is further denied that Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a The Fire Foundation) receives federal grant money.

111.    Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

112.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

WHEREFORE, Defendants, Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a/ The Firely Foundation), John Firely (improperly pled as Marty Firely), Holly Firely, Tammy Lewis, and Susan Saltman hereby request judgment in their favor and against Plaintiffs, including costs, interest, and other such relief as this Court may deem just and appropriate.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO JONATHAN ROMICH
**Plaintiffs v. Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a The Firely Foundation), John Firely (improperly pled as Marty Firely), Holly Firely, Tammy Lewis, The Penn Foundation, Melissa Babel, Joanna Muth, Nancy Thaler, and Rochelle Zaslow**

113.     Answering Defendants' responses in the preceding Paragraphs 1-112 of this Answer are incorporated herein by reference as though fully set forth herein at length.

114.      Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

115.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

116.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

117.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

118.     Denied.

119.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

120.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

121.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

122.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

WHEREFORE, Defendants, Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a/ The Firely Foundation), John Firely (improperly pled as Marty Firely), Holly Firely, Tammy Lewis, and Susan Saltman hereby request judgment in their favor and against Plaintiffs, including costs, interest, and other such relief as this Court may deem just and appropriate.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO CHRISTOPHER AND EILEEN ROMICH
**Plaintiffs v. Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a The Firely Foundation), John Firely (improperly pled as Marty Firely), Holly Firely, Tammy Lewis, The Penn Foundation, Melissa Babel, Joanna Muth, Nancy Thaler, and Rochelle Zaslow**

123.     Answering Defendants' responses in the preceding Paragraphs 1-122 of this Answer are incorporated herein by reference as though fully set forth herein at length.

124.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

125.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

126.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

127.     Answering Defendants are unable to respond to the allegations in this Complaint, as the allegations are vague that Answering Defendants are unsure what "brochure" is being referred to.

128.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

129.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

130.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

131.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. To the extent any of these allegations are not deemed conclusions of law, they are denied.

132.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

133.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

134.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

135.     Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

WHEREFORE, Defendants, Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a/ The Firely Foundation), John Firely (improperly pled as Marty Firely), Holly Firely, Tammy Lewis, and Susan Saltman, hereby request judgment in their favor and against Plaintiffs, including costs, interest, and other such relief as this Court may deem just and appropriate.

## JURY DEMAND

Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a/ The Firely Foundation), John Firely (improperly pled as Marty Firely), Holly Firely, Tammy Lewis, and Susan Saltman demand trial by jury.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted as to Answering Defendants.

### Second Defense

Plaintiffs' claimed damages, if any, are the result of intervening or superseding conduct by third parties over which Answering Defendants had no responsibility to control.

### Third Defense

If Plaintiffs' allegations against Answering Defendants are proven at trial, which is strictly denied, Plaintiffs suffered no damages.

### Fourth Defense

There is no valid cause of action for Negligent Infliction of Emotional Distress based on a special relationship under Pennsylvania law.

### Fifth Defense

Any claims for punitive damages are barred to the extent that an award of such damages would violate the United States and/or Pennsylvania Constitutions.

<u>Sixth Defense</u>

Some or all of the allegations at issue have been thoroughly investigated by third parties and no wrongdoing was found by Answering Defendants.

<u>Seventh Defense</u>

Answering Defendants did not breach any duty of care owed to Plaintiffs.

<u>Eighth Defense</u>

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

<u>Ninth Defense</u>

Plaintiffs have incurred no damages cognizable by law.

<u>Tenth Defense</u>

Plaintiffs' claims for punitive damages are barred as Answering Defendants did not act in a reckless, outrageous, willful, or wanton manner, but rather, acted with due care and caution at all times material hereto.

<u>Eleventh Defense</u>

No action or omission by Answering Defendants were the proximate cause of any alleged injury, loss, or damage to Plaintiffs and, thus, Plaintiffs' claims should be dismissed because there is no causal connection between the events alleged in the Complaint and any damages Plaintiffs have allegedly suffered.

<u>Twelfth Defense</u>

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

<u>Thirteenth Defense</u>

Answering Defendants' care of Jonathan Romich was met the standard of care and was complaint with all federal, state, and local laws and regulations.

<u>Fourteenth Defense</u>

Answering Defendants did not discriminate against Plaintiffs in any manner or way.

<u>Fifteenth Defense</u>

Answering Defendants did not retaliate against Plaintiffs in any manner or way.

<u>Sixteenth Defense</u>

Answering Defendants did not violate the mandates of the Americans With Disabilities Act.

<u>Seventeenth Defense</u>

Answering Defendants did not sexual abuse Plaintiff Jonathan Romich in any manner.

<u>Eighteenth Defense</u>

Answering Defendant reserves the right to supplement these Affirmative Defenses as discovery develops.

WHEREFORE, Defendants, Firely Pediatric Services, Inc. (improperly pled as Firely Pediatric Services, Inc. d/b/a/ The Firely Foundation), John Firely (improperly pled as Marty Firely), Holly Firely, Tammy Lewis, and Susan Saltman hereby request judgment in their favor and against Plaintiffs, including costs, interest, and other such relief as this Court may deem just and appropriate.

Respectfully submitted,


BY:   _/s/ Cathleen Kelly Rebar_____
      Cathleen Kelly Rebar, Esquire
      Julie A. Buonocore, Esquire
      **REBAR BERNSTIEL**
      470 Norristown Road, Suite 201
      Blue Bell, Pennsylvania  19422
      484-344-5340
      *Counsel for Defendants,*
      *Defendants, Firely Pediatric Services, Inc.*
      *(improperly pled as Firely Pediatric Services,*
      *Inc. d/b/a/ The Firely Foundation), John Firely*
      *(improperly pled as Marty Firely), Holly Firely,*
      *Tammy Lewis, and Susan Saltman*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send a notification of such filing to the following:

Michael D. Raffaele
Kershenbaum & Raffaele
1230 County Line Road
Bryn Mawr, PA 19010
*Plaintiffs' Counsel*

William L. Banton, Jr., Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia PA 19103
*Counsel for Defendants, The Penn
Foundation and Melissa Babel*

Lauren A. Hughes, Esquire
One Montgomery Plaza, Suite 800
P.O. Box 311
Norristown, PA 19404
*Counsel for Defendants Montgomery County
Office of Developmental Programs and Joanna Muth*

Sue Ann Unger, Esquire
OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, PA 19103
*Counsel for Pennsylvania Department of Human
Services Office of Developmental Programs,
Nancy Thaler, and Rochelle Zaslow*

By: _____
Cathleen Kelly Rebar, Esq.
*Counsel for Defendants,
Defendants, Firely Pediatric Services, Inc.
(improperly pled as Firely Pediatric
Services, Inc. d/b/a/ The Firely Foundation),
John Firely (improperly pled as Marty
Firely), Holly Firely, Tammy Lewis, and
Susan Saltman*